UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRAVON BLOW,

        Petitioner,

              v.                                CAUSE NO. 3:21-CV-450-JD-MGG

WARDEN,

        Respondent.

## OPINION AND ORDER

Travon Blow, a prisoner without a lawyer, filed a habeas corpus petition

challenging the disciplinary decision (MCF-20-8-585) at the Miami Correctional Facility

in which a disciplinary hearing officer (DHO) found him guilty of possession of a

weapon in violation of Indiana Department of Correction Offense 106. Blow submitted

an administrative appeal on the initial hearing decision and was granted a rehearing. At

the rehearing, he was sanctioned with a loss of one year of earned credit time and two

demotions in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court

must dismiss the petition "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court."

Blow argues that he is entitled to habeas relief because the administrative record

lacks sufficient evidence for a finding of guilt due to conflicts between the conduct

report and surveillance video recordings.

> [T]he findings of a prison disciplinary board [need only] have the
> support of some evidence in the record. This is a lenient standard,
> requiring no more than a modicum of evidence. Even meager proof will

> suffice, so long as the record is not so devoid of evidence that the findings
> of the disciplinary board were without support or otherwise arbitrary.
> Although some evidence is not much, it still must point to the accused's
> guilt. It is not our province to assess the comparative weight of the
> evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represents that two sharpened pieces of heavy metal were found inside Blow's mattress during a search of the housing unit. ECF 2-1 at 1. It also includes a photograph of these metal pieces, which resemble knives. *Id.* at 11. These documents constitute some evidence that Blow possessed a weapon in violation of Offense 106. The administrative record also includes two video recording summaries. *Id.* at 5-6. Though these summaries indicate that correctional staff were unable to confirm Blow's ownership of the mattress from the surveillance footage, these summaries do not undermine or contradict the conduct report. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Blow argues that he is entitled to habeas relief because correctional staff denied his requests for "the one who said the weapon was his" and "ERO, K9, c/o police officers" to serve as witnesses. ECF 2-1 at 14. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary

evidence." *Id.* The screening form instructs the accused to "specify names and numbers or names and titles for staff and the expected testimony." ECF 2-1 at 14. These requests were denied because Blow did not provide any names as required by the form and because the officers who conducted the search of the housing unit were brought in from multiple locations around the State of Indiana. *Id.* at 9-10. Further, the hearing officer considered the witness statement that another inmate had claimed possession of the sharpened metal from the initial hearing,. *Id.* at 4, 7. Additionally, Blow did not describe what testimony he believed the various officers would provide as required by the screening form, and he has also not described this testimony in his petition, so it is unclear how the denial of such testimony would amount to more than harmless error. *Id.* at 14; ECF 2. Therefore, the claim that he was not allowed to present evidence at the hearing is not a basis for habeas relief.

Blow argues that he is entitled to habeas relief because of the involvement of multiple departmental officials in granting him a rehearing for a reason that he did not raise on administrative appeal. He contends that this involvement demonstrates systemic bias for prison disciplinary decisions. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* In support of this argument, Blow relies on an email from the litigation liaison for the Miami Correctional Facility to other correctional officials noting that Blow's disciplinary

case had been remanded for a rehearing and that hearing officers must explain in writing why they are imposing sanctions in excess of "the normal A sanctions". ECF 2-1 at 2. Blow does not explain why he believes that an appellate ruling in his favor or instructions to correctional staff to provide more detailed explanations suggest improper bias. As a result, the claim of improper bias is not a basis for habeas relief.

Because Blow has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Blow wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Travon Blow leave to proceed in forma pauperis on appeal.

SO ORDERED on June 29, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT